*Rodman, for appellant.*

*Drane, for appellee.*

---

BRONSTON & FRANCIS *v.* R. PERRY WHITE AND OTHERS.

**Partition—Deeds to Shares.**

Where, by agreement of the heirs of a decedent, a certain tract of the decedent's land was set apart to one of the heirs, which agreement was recognized as binding upon the parties, and made so by the judgment of the court, the assignors have no right to deprive such heir of his interest in the land, so as to affect the rights of creditors, by making an absolute deed thereof to his children.

**Descent and Distribution—Transfer of Interest by Heir.**

Where an heir has transferred his interest in his father's estate to the payment of his debts, such interest when ascertained and set apart, becomes subject to the payment of the debts.

APPEAL FROM MADISON CIRCUIT COURT.

June 10, 1873.

OPINION BY JUDGE PRYOR:

It is clearly shown from the testimony that the agreement between the heirs of Jacob White, dated the 23d of January, 1867, was the

result of a compromise between the heirs by which the claim of R. P. White for an equal interest with his brothers and sisters was recognized and settled upon the terms therein expressed. By this agreement R. P. White was entitled to a life estate in fifty acres of the land known as the "White Oaks," remainder to his children. The evidence conduces to show that R. P. White had by advancement made to him by his father precluded himself from asserting or at least from recovering in a controversy between the heirs any interest in the estate; but although this is made to appear, still when he asserted this claim and received more from his father than the other children, the balance of the heirs, in order to prevent litigation, and it may be as an act of kindness towards their brother, gave him a life estate in this fifty acres of land. It is true that one of the heirs was a married woman and another an infant when this agreement was made, but afterwards a suit was instituted for the purpose of settling the rights of the parties or of partitioning the land, and this agreement was recognized as binding upon the parties and made so by the judgment of the court. The commissioner of the court had no authority under this agreement to deprive R. P. White of this interest in the land so as to affect the rights of creditors by making to his children an absolute deed to the land, nor could the judgment of the court have affected the rights of creditors as they were not parties to the suit. R. P. White had prior to this agreement transferred to these appellants his interest in the estate to pay this debt, and when his interest was ascertained by the agreement, the land or his life estate in it became at once subject to the payment of his debts. He had no other estate and so far as the conveyance affects these appellants it must be deemed invalid and his life estate in the fifty acres of land known as White Oaks sold to satisfy this debt and costs. He is not entitled to the benefit of the homestead law as the debts originated long prior to its enactment. For the reasons indicated the judgment of the court below is reversed and cause remanded with directions to sell so much of the land in controversy for and during the life of appellee R. P. White as will pay this debt and costs and for further proceedings consistent herewith.

*W. Chenault, for appellant.*

*———, for appellee.*